IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

WESTERN DIVISION

UNITED STATES OF AMERICA

V.   CRIMINAL NO. 5:22-CR-5-DCB-FKB

JAYDEN JAMES SHANNON

ORDER

BEFORE THE COURT is Defendant Jayden Shannon's ("Defendant") Motion for Bond ("Motion") [ECF No. 47]. Having reviewed the submissions of the parties, the applicable statutory and case law, and being otherwise fully informed of the premises, the Court finds as follows:

I.   Factual & Procedural Background

On July 19, 2022, a grand jury indicted Defendant as a felon in possession of a firearm pursuant to 18 U.S.C. §§ 922(g)(1) and 924(a)(2) and for possessing a firearm with the manufacturer's serial number obliterated, altered, and removed pursuant to 18 U.S.C. §§ 922(k) and 924(a)(1)(B). [ECF No. 4] at 1. On August 15, 2022, at Defendant's initial appearance, the Court released Defendant on a $10,000.00 unsecured bond. [ECF No. 18].

On June 15, 2023, Defendant was convicted of count one pursuant to a plea agreement, and the Court remanded Defendant to the custody of the U.S. Marshals Service to await sentencing.

[ECF No. 43]. On June 28, 2023, Defendant filed the instant Motion, in which he seeks release pending his September 19, 2023, sentencing. [ECG No. 47].

II.  Legal Standard

A convicted defendant has no constitutional right to bail. United States v. Olis, 450 F.3d 583, 585 (5th Cir. 2006) (citing United States v. Williams, 822 F.2d 512, 517 (5th Cir. 1987)). Title 18, United States Code, Section 3143(a)(1) states, in relevant part: "the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of a sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community of released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c)."

Section 3143(a)(1) "'establishes a presumption against'" bail being granted, Olis, 450 F.3d at 585 (citations omitted), and a convicted defendant seeking bail while awaiting sentencing carries "[t]he burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant." Fed. R. Crim. P. 46(c). In

2

determining whether to grant a convicted defendant's motion for release pending sentencing, a Court should consider the factors governing pretrial release enumerated in 18 U.S.C. § 3142(g). United States v. Majors, 932 F. Supp. 853, 855 (E.D.Tex.1996) (citing United States v. Vance, 851 F.2d 166, 169-70 (6th Cir.1988)). Release following conviction is within the sound discretion of the Court. Smith v. United States, 434 F.2d 612 (5th Cir. 1970).

III. Analysis

In his Motion, Defendant requests that the Court release him prior to his September 19, 2023, sentencing hearing. [ECF No. 47]. Defendant also requests a hearing on the Motion. Id. The Government requests that the Court deny both. [ECF No. 48] at 1.

The Court can dispose of this Motion without a hearing. United States v. Nelson, No. 4:17-CR-131-1, 2023 WL 3721340, at *3 (N.D. Miss. May 30, 2023). Defendant points to no caselaw that requires the Court to hold a hearing nor the existence of "disputed material facts necessary to the decision of the motion." United States v. Dean, 100 F.3d 19, 21 (5th Cir. 1996). Therefore, no hearing is warranted.

As an initial matter, the Government notes that Defendant was brought from state court to district court by writ which

requires that the Defendant be returned to state custody following disposition of federal proceedings. [ECF No. 48] at 2-3. The Government also notes the absence of any grounds that warrant presentencing release in Defendant's Motion. Id. at 3.

The facts of this case do not support presentencing release. Defendant pleaded guilty to an offense that carries a maximum sentence of 120 months. [ECF No. 43]. In the period between Defendant's federal indictment and conviction: (1) U.S. Probation visited Defendant's residence at which time Defendant admitted to having smoked marijuana immediately prior to the visit and to having used methamphetamine one day prior; (2) the Lincoln County Circuit Court revoked Defendant's state supervision and remanded him to the custody of the Mississippi Department of Corrections for failing to honor the terms of his probation; (3) following notification of police question, U.S. Probation again visited Defendant's residence at which time Defendant once more admitted to having smoked marijuana earlier that day and to having used methamphetamine one day prior; and (4) following notification that Defendant had threatened an individual with an "AK-47" style rile, law enforcement seized the rifle and arrested Defendant. [ECF No. 48] at 3-4.

When considering the nature and circumstances of the offense charged, the weight of the evidence against the

Defendant, his history and characteristics, and the nature and seriousness of the danger to any person that would be posed by Defendant's release, the Court cannot find by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community. Olis, 450 F.3d at 585. Therefore, Defendant failed to meet his burden, and the Court, in its sound discretion, will deny Defendant's Motion. Smith, 434 F.2d at 612.

IV.  Conclusion

For the foregoing reasons, Defendant's Motion [ECF No. 47] shall be denied.

ACCORDINGLY,

IT IS HEREBY ORDERED that Defendant's Motion for Bond [ECF No. 47] is DENIED.

SO ORDERED, this 12th day of July, 2023.

/s/ David Bramlette
DAVID C. BRAMLETTE
UNITED STATES DISTRICT JUDGE