```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                   WESTERN DIVISION
```

UNITED STATES OF AMERICA

V.                          CRIMINAL ACTION NO. 5:22-cr-5-DCB-FKB

JAYDEN JAMES SHANNON                                       DEFENDANT

<u>ORDER</u>

This matter is before the Court on Defendant Jayden James Shannon's ("Defendant") Motion to Request <u>Nunc Pro Tunc</u> Designation [ECF No. 57]. Having read the Motion, applicable statutory and case law, and being otherwise fully informed on the premises, the Court finds as follows:

I.   BACKGROUND

On July 19, 2022, a grand jury indicted Defendant as a felon in possession of a firearm pursuant to 18 U.S.C. §§ 922(g)(1) and 924(a)(2) and for possessing a firearm with the manufacturer's serial number obliterated, altered, and removed pursuant to 18 U.S.C. §§ 922(k) and 924(a)(1)(B). [ECF No. 4] at 1. On August 15, 2022, at Defendant's initial appearance, the Court released Defendant on a $10,000.00 unsecured bond. [ECF No. 18]. On June 15, 2023, Defendant was convicted of count one pursuant to a plea agreement, and the Court remanded Defendant to the custody of the U.S. Marshals Service to await sentencing.

In December 2023, the Court sentenced Defendant to 78 months in custody, followed by 3 years of supervised release. [ECF No. 54]. The Court also ordered Defendant to pay a $1,500 partial fine and a $100 special assessment fee. Id. In its order, the Court did not specify that Defendant's sentence was to be served consecutive to his outstanding state sentence.

On October 16, 2025, Defendant, proceeding pro se, filed a Motion to Request Nunc Pro Tunc Designation. [ECF No. 57]. Throughout the Motion, Defendant requests that the "Bureau of Prison consider designating the Mississippi Department of Corrections as the place of service for his federal sentence". Id. at 1. He asserts that this designation would "allow [his] federal sentence to run concurrently with the state sentence that [he] is now serving." Id. at 2.

The Government responded in opposition on January 28, 2026. [ECF No. 58]. The Government contends that Defendant's Motion should be dismissed without prejudice for "failure to exhaust administratively" or, in the alternative, the Government asks the Court to deny the Motion on the merits. Id. at 4.

II.  LEGAL STANDARD

The discretion to grant a motion for a nunc pro tunc designation lies with the Bureau of Prisons ("BOP"), not with the sentencing federal court. Once a prisoner files such a motion, the BOP is

2

required to consider it. 18 U.S.C. § 3621(b); Barden v. Keohane, 921 F.2d 476, 478 (3rd Cir. 1990). 18 U.S.C. § 3621(b) grants the BOP the power to designate the place of a prisoner's confinement. Discretion to decide the place of imprisonment lies solely with the BOP, and "any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section." 18 U.S.C. § 3621(b)(5). In considering a petitioner's motion for a nunc pro tunc designation, the BOP will write to the sentencing court asking if it has any objections. Federal Bureau of Prisons Program Statement 5160.05(4)(c).

In Barden, mentioned above, the Third Circuit noted that if the BOP fails to consider a prisoner's nunc pro tunc motion, the prisoner may file a habeas corpus petition under 18 U.S.C. § 2241 with the district court asking that it compel the BOP to consider the motion. Barden, 921 F.2d at 483. Here, Defendant has not filed any motion directed to the Bureau of Prisons (BOP). Instead, he addresses his motion to this Court while seeking relief that should properly be requested from the BOP. See [ECF No. 97] at 1. A prisoner seeking a nunc pro tunc designation must submit such a request directly to the BOP through the appropriate administrative channels.

3

III. CONCLUSION

Here, this Court has determined that it has no jurisdiction to determine whether the sentences should run concurrently. [ECF No. 95] at 2, 13. It is true that the Court was silent as to whether the federal sentence would run concurrent with his state sentence, consequently directing the BOP to execute the federal sentence consecutive to the state sentence. 18 U.S.C. § 3584(a). However, since federal judgments are final, district courts cannot subsequently declare that sentences are to run concurrently after they were silent on the issue. Dillon v. United States, 560 U.S. 817, 827 (2010). Defendant has erroneously moved for a nunc pro tunc designation in this Court when he should have moved for such from the Federal Bureau of Prisons. Therefore, Defendant's Motion is DENIED.

SO ORDERED this the 25th day of February, 2026.

/s/ David C. Bramlette
DAVID C. BRAMLETTE III
UNITED STATES DISTRICT JUDGE